UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
TIMOTHY HAMPTON                                              14-CV-553 (JBW)(VMS)

                Plaintiff,                                                 **AMENDED COMPLAINT**

   -against-                                                               **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER
FRANK LOMANGINO (Shield #938870)
and POLICE OFFICER "JOHN DOE"
(whose names and shield #s are presently unknown),


               Defendants.
--------------------------------------------------x

     Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, PO Frank Lomangino (Shield #938870), and Police Officer "John Doe", upon information and belief alleges as follows:

## **INTRODUCTION**

     1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

     2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment and detention of Plaintiff, Timothy Hampton, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of her rights.

## PARTIES

8. Plaintiff, a black male, is a resident of the City of New York, County of Kings and State of New York.

9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers

complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. At all times herein, Police Officer Frank Lomangino and Police Officers "John Doe" (hereinafter "defendant officers") were, upon information and belief, employed as police officers of the City of New York and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11. Plaintiff is suing the defendant officers in their individual and official capacities.

### FACTS COMMON TO ALL CAUSES OF ACTION

12. On or about October 20, 2012, at approximately 11:00 a.m., defendant officers, acting in concert and without probable cause, assaulted and arrested plaintiff at or close to 161 Jamaica Avenue, Queens, New York, and charged plaintiff with certain crime/offenses.

13. Plaintiff, however, did not commit any offense against the laws of the City and/or State of New York for which he may lawfully be arrested.

14. Prior to the arrest, plaintiff was on a shopping trip when defendant officers suddenly descended upon him with their weapons drawn and immediately grabbed plaintiff with great force.

15. Plaintiff was then immediately ordered by defendant officers to submit himself to

illegal search, with defendant officers pushing, shoving and kicking plaintiff.

16. Although defendant officers did not find anything illegal on plaintiff, they nonetheless handcuffed plaintiff with his hands placed behind his back. The handcuffs were placed so tight that it was hurting plaintiff's hand.

17. Then plaintiff was forcibly pushed into a police vehicle by the defendant officers who thereafter transported him to the 103rd Police Precinct where he was searched, fingerprinted, photographed and detained in a cell.

18. After detaining plaintiff at the Precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment even though plaintiff did not commit any crime or offense and defendant officers did not find anything illegal from their unlawful and unreasonable search of the plaintiff.

19. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

20. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged offense(s).

21. Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiff.

22. The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

23. As a result, the prosecutors dismissed the charges against the plaintiff.

24. Eventually, after detaining plaintiff for a lengthy period of time, defendant officers summarily released him from their unlawful detention.

25. That each and every officer who responded to and/or was present at the location of plaintiff's arrest and/or at the precinct or facility knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

26. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

27. Plaintiff suffered physical injuries, including injury to his wrists. Moreover, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, loss of liberty, psychological trauma, pain, financial loss and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

28. The Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

29. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including defendant officers in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendant officer, to engage in unlawful conduct.

30. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct

31. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

32. The actions and conduct of the Defendant Officers and the policies and practices of the City of New York were negligent and were the proximate cause of damages to the Plaintiff.

33. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

34. The Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION

35. Plaintiff reiterates paragraphs 1 through 34 and incorporates such by reference herein.

36. The conduct of the defendant officers, as described herein, amounted to false arrest, false imprisonment, use of excessive force, illegal and unreasonable stop, frisk, search and seizure, racial profiling, pattern of harassment, abuse of authority, fabrication of evidence, and violation of due process rights.

37. Such conduct violated plaintiff's right under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. By violating plaintiff's constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

38. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION

39. Plaintiff reiterates paragraphs 1 through 38 and incorporates such by reference herein.

40. Defendant Police Officers falsely arrested and imprisoned plaintiff in violation of the Common Law.

41. The false arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

42. Defendant Police Officers acted with malice and reckless and intentional disregard for Plaintiff's rights under common law when they arrested and imprisoned Plaintiff without any justification. Therefore, said Defendant Police Officers are guilty of egregious and gross misconduct towards plaintiff, and plaintiff prays for an award of punitive damages against the individual defendants.

43. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION: ASSAULT AND BATTERY

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. The conduct of defendant officers, as described herein, amounted to assault and battery on the plaintiff. The assault and battery was willful, unlawful, unwarranted, and intentional.

46. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer injuries to wrists, emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

47. Upon information and belief, defendant City of New York had sufficiently specific

knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

48. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

### AND AS FOR A FOURTH CAUSE OF ACTION

49. Plaintiff reiterates paragraphs 1 through 48 and incorporates such by reference herein.

50. By arresting, detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, and assaulting plaintiff and using excessive force against him, the defendant officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

51. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

52. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

53. Defendants, their officers, attorneys, agents, servants and employees were responsible

for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A FIFTH CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

55. Plaintiff reiterates paragraphs 1 through 54 and incorporates such by reference herein.

56. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly, foreseeably and proximately caused by conduct, chargeable to defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

57. Defendant City of New York failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

(a) The determination of probable cause to make an arrest;

(b) The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

(c) The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

(d) The very limited circumstances under which a warrantless search may be carried out.

58. Defendant City of New York maintained unwritten customs and practices which permitted or condoned the unlawful searches of persons, the unlawful seizure of persons, subjecting citizens to disparately harsh law enforcement practices on account of their race. These customs and practices are demonstrated by the failure of said defendant to properly investigate numerous complaints from citizens alleging such police misconduct and by their failure to take adequate remedial action where misconduct has occurred.

59. These customs and practices are further demonstrated by defendant's practice of promoting officers who were the subject of judicial finding of unconstitutional conduct, who were the subject of an inordinate number of citizen complaints and lawsuits alleging misconduct, and/or whose conduct evidenced racial discrimination against African-American and other minority residents of the city.

60. Defendant City of New York acted intentionally, wilfully and/or with deliberate indifference to the rights of plaintiff. The acts and omissions of said defendant described above were a direct cause of the injuries suffered by plaintiff.

61. The aforesaid deliberate or *de facto* policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials for the Defendant City of New York, including but not limited to, the New York City Police Commissioner, who knew or should have known that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases;

62. The policymaking officials at NYPD know or ought to have known that such issues that regularly arise in the investigation and prosecution of criminal cases either present police

employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of police employees mishandling such situations and making the wrong choice.

63. The aforementioned policymaking officials knew that the wrong choice by police officers concerning determination of probable cause will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

64. The aforementioned policymaking officials had the knowledge and the notice alleged in the preceding paragraphs based upon, among other circumstances, numerous civil lawsuits, some of which resulted in substantial civil settlements, credibly alleging that police officers had conducted searches or arrests without probable cause.

65. Said notice is also based upon the inherent obviousness of the need to train, supervise and discipline police officers in their aforementioned constitutional obligations to counteract the pressures on officers and the powerful incentives they have to close cases and to obtain arrests and convictions.

66. During all times material to this Complaint, the Defendant City and its policy making officials owed a duty to the plaintiff and the public at large, which they knowingly and intentionally breached, or to which they were deliberately indifferent, to implement policies, procedures, customs, practices, training and discipline sufficient to prevent or deter conduct of their employees violating the aforementioned constitutional rights of innocent members of the public including plaintiff.

67. As part of its policies, customs and practices, Defendant City has failed to take proper

corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

68 As a result of inadequate training of police officers on the practical meaning of probable cause for arrest, officers frequently detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause.

68. The aforesaid policies, procedures, regulations, practices and/or customs of Defendant City and its police department, the NYPD, were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual police defendants of Plaintiff's rights under the Constitution and laws of the United States.

69. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

## AND AS FOR A SIXTH CAUSE OF ACTION

**(Negligent Hiring, Training and Supervision Under State Law; Defendant City)**

70. Plaintiff reiterates paragraphs 1 through 69 and incorporates such by reference herein.

71. By virtue of the foregoing, defendant City of New York is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants and/or employees employed by the NYPD with regard to their aforementioned duties.

72. As a direct and proximate result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, was prevented from attending to his necessary affairs and suffered and

continues to suffer significant emotional pain, distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

    i.    For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

    ii.    For punitive damages against the individual defendants in an amount to be determined at trial;

    iii.    For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

    iv.    For pre-judgment interest as allowed by law; and

    v.    For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
       July 29, 2014

                              LAW OFFICE OF PHILIP AKAKWAM, P.C.

                              By:        /s/
                                     Philip Akakwam, Esq.
                                     Attorneys for the Plaintiff
                                     303 Livingston Street, 2nd Floor
                                     Brooklyn, N.Y. 11217
                                     (718) 858-2488